JONATHAN C. STEVENS & others *vs.* BILLINGS PALMER, Administrator.

The heirs and next of kin of an intestate, after conveying to other persons all their interest in his real and personal estate, are not entitled, against the wish of their grantee, to a decree for the assignment and distribution of real estate held by the administrator under his foreclosure of a mortgage thereof to the intestate.

APPEAL from a decree of the court of probate, refusing to grant a petition for the removal of the appellee from the office of administrator of Stephen Stevens, for leave to bring a suit upon his official bond, and that he might be required to settle his account in that court.

*J. D. Colt & T. P. Pingree, Jr.*, for the appellants, cited *Richardson* v. *Hildreth*, 8 Cush. 226; *Palmer* v. *Stevens*, 11 Cush. 150; *Taft* v. *Stevens*, 3 Gray, 506, 507, and cases there cited.

*I. Sumner*, for the appellee.

HOAR, J. It appears from the report of the facts at the hearing in this cause, that the appellee was administrator of Stephen Stevens, and that he held as such administrator, a promissory note made to said Stevens, secured by a mortgage of real estate; that he entered upon the mortgaged premises for the purpose of foreclosure, and foreclosed the mortgage; and the appellants, who are heirs at law and next of kin to said Stevens, now seek to compel the administrator to settle his account, in order to obtain a decree for the assignment and distribution of such real estate among the persons entitled to distribution of the personal estate.

As an answer to this application, in the various forms in which it is presented, the administrator has shown that the appellants, before the foreclosure, conveyed by deed of quitclaim to other persons all their interest in the real and personal estate of Stevens; and that the appellants are not acting by the authority and for the benefit of those to whom the conveyance was made, but that those persons are content with the action of the administrator.

We think this constitutes a perfect and decisive answer to the claim of the appellants, and that the decree of the judge of probate should be affirmed. The appellants are not, within the meaning of the statute, "persons aggrieved by the order, sentence, decree or denial of the judge of probate." Rev. Sts. c. 83, § 34. They have no interest in the questions which the judge of probate decided. At the time their conveyances were made, the note was personal estate, and the mortgage only an incident to it. Although by the foreclosure the assets have assumed the form of real estate, that real estate is held in equity for the benefit of the same persons who would have been entitled to a distributive share of it, if it had remained personal estate. The security follows the debt. If a partition of it were made by order of the court of probate among the next of kin, these appellants could only take as trustees for the persons to whom they had assigned the beneficial interest.

It is true that the conveyance created only an equitable assignment; but such an assignment the law will recognize and protect. And although it may be true that all legal remedies for the violation of such an equitable right must be prosecuted in the name of the assignor, yet courts of justice will allow the assignee to use the name of the assignor without his consent, and even against his will, in seeking the remedy; and will not permit the assignor to assert his legal title against the will of the assignee. *Grover* v. *Grover*, 24 Pick. 261, and cases there cited.

*Decree of the judge of probate affirmed.*